ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NORTHERN DISTRICT OF TEXAS
FILED
AUG - 9 2018
CLERK, U.S. DISTRICT COURT
By _____
    Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3-18CR-409-M |
| DWAINE CARAWAY | |

## FACTUAL RESUME

In support of Dwaine Caraway's plea of guilty to the offense(s) in Count(s) One and Two of the Information, Caraway, the defendant, Michael Payma, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Information charging a violation of 18 U.S.C. § 371, that is, conspiracy to commit honest services wire fraud in violation of 18 U.S.C. §§ 1343 and 1346, the government must prove each of the following elements beyond a reasonable doubt:[1]

> *First*: That the defendant and at least one other person made an agreement to commit the crime of conspiracy to commit honest services wire fraud in violation of 18 U.S.C. §§ 1343 and 1346, as charged in the Information;
>
> *Second*: That the defendant knew the unlawful purpose of the agreement; and
>
> *Third*: That the defendant joined in the agreement willfully, that is, with the

---

[1] Fifth Circuit Pattern Jury Instruction 2.15A (5th Cir. 2015).

Factual Resume—Page 1

intent to further the unlawful purpose.

To prove the offense alleged in Count Two of the Information, charging a violation of 26 U.S.C. § 7201, that is, Tax Evasion, the government must prove each of the following elements beyond a reasonable doubt:

*First:*  That there exists a substantial tax deficiency owed by the defendant to the Internal Revenue Service, as charged;

*Second:*  That the defendant committed at least one affirmative act to evade or defeat assessment or payment of the income taxes owed. An affirmative act includes any conduct the likely effect of which would be to mislead or conceal; and

*Third:*  That the defendant acted willfully, that is, the law imposed a duty on the defendant, the defendant knew of that duty, and the defendant voluntarily and intentionally violated that duty.

## STIPULATED FACTS

1. The defendant agrees that the following facts are true and correct and that his testimony at any trial would reflect the same.

2. From in or around 2011 to in or around 2017, in the Dallas Division of the Northern District of Texas and elsewhere, the defendant, Dwaine Caraway, Robert Leonard, Slater Swartwood, Rick Sorrels, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate and agree together and with each other to violate Title 18, United States Code, Sections 1343 and 1346.

3. Caraway, at all relevant times, knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose.

4. During the honest services fraud conspiracy, Caraway accepted approximately $450,000 from Leonard and Swartwood.

5. A substantial portion of this money was paid to Caraway through Swartwood's company, ELF Investments, under a real estate consultancy.

6. Caraway, at all relevant times, knew that the money he received from ELF Investments was actually money from Leonard.

7. The money that Caraway received from Leonard for real estate consulting, approximately $390,000, was excessive and Caraway knew that some of the money was to secure his political influence due to his position as a City of Dallas Council Member so he could further Leonard's business interests in Dallas, including Force Multiplier Solutions (FXS) and the stop-arm-program.

8. After the real estate consultancy ended, Leonard and Swartwood created a promissory note for $270,000 and had Caraway sign it in an attempt to hide some of the money that Leonard had already paid Caraway. Caraway never paid the money back and had no intention of doing so.

9. Caraway also asked Leonard for money on numerous occasions and cashed multiple checks provided by Leonard at a liquor store or pawn shop.

10. According to Caraway, the money and gifts that Leonard provided him were based, in part, on Caraway's support of FXS's stop-arm-program with Dallas County Schools.

11. Early on, Caraway told Leonard that he supported the stop-arm program and asked Leonard to make political contributions. Leonard made these contributions because Caraway asked and knew that Caraway supported the stop-arm program.

12. On May 23, 2012, Caraway voted in favor of a Dallas City ordinance creating a civil offense and fine for passing a raised stop-arm camera on a school bus consistent with Leonard's and FXS's proposal. Caraway knew that the vote would benefit Leonard financially and knew that FXS needed the ordinance for its program with DCS.

13. Thereafter, Caraway began receiving money from Leonard regularly in various forms, including the real estate consultancy, gifts, cash, checks, money to Caraway's campaign and advertising accounts, and paid travel. Five days after the 2012 vote, Leonard gave Caraway a $5,000 check with the word "Loan" written on the byline which he cashed at a liquor store.

14. By 2015, Caraway was on retainer for Leonard. That year, he made a motion on the Dallas City Council to renew the stop-arm camera inter-local agreement for 25 years. Caraway gave a speech in support of the motion and voted to renew the agreement while he continued to receive money and gifts from Leonard. Caraway knew that Leonard had an expectation that he would vote in favor of the agreement renewal and extension.

15. Caraway did not disclose the money and benefits that he was receiving from Leonard to the Dallas City Council, which could have jeopardized passage of the inter-local agreement renewal.

16. In June 2012, Caraway also signed a letter written by Leonard which was sent to the City of San Antonio in support of FXS's/DCS's bus stop-arm program knowing that the letter would benefit FXS financially.

17. While receiving money and benefits from Leonard, Caraway used his official position as a City Council Member to further Leonard's business endeavors in Dallas, including FXS's stop-arm program.

18. According to Caraway, Leonard would not have continued paying him or providing him other benefits if Caraway had taken any adversarial actions regarding the stop-arm program. Leonard's expectations of Caraway's total support in exchange for the benefits also extended to Leonard's real estate interests in South Dallas.

19. Starting in or about January 2014, and continuing through at least 2016, in the Northern District of Texas and elsewhere, the defendant, Dwaine Caraway, also willfully attempted to evade and defeat the payment of a substantial income tax due and

owing by him to the United States of America, for the tax year 2014, by substantially underreporting his income and by committing at least the affirmative acts described in paragraphs 3 and 5 through 8 of the Information.

20. The defendant agrees and stipulates that he did not pay income taxes on a substantial portion of the payments that he received from Leonard during tax years 2012 through 2014 resulting in a tax loss of $68,906. The defendant agrees to make restitution to the Internal Revenue Service in this amount.

21. In tax year 2014, Caraway received $97,000 from Leonard all of which constituted income under the federal tax laws.

22. Caraway knowingly and willfully failed to disclose the $97,000 in income from Leonard to his tax preparer.

23. Caraway filed a false and fraudulent tax return for tax year 2014 by omitting the $97,000 in payments that he received directly or indirectly from Leonard during 2014.

24. The defendant agrees that the defendant committed all the essential elements of the offense(s). This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count(s) One and Two of the Information.

AGREED TO AND STIPULATED on this 2nd day of August, 2018.

|  |  |
|---|---|
|  | ERIN NEALY COX<br>UNITED STATES ATTORNEY |
| _____<br>DWAINE CARAWAY<br>Defendant | _____<br>ANDREW O. WIRMANI<br>Assistant United States Attorney<br>Texas Bar No. 24052287<br>Dallas, Texas 75242-1699<br>Tel: (214) 659-8600<br>Fax: (214) 659-8809<br>Email: andrew.wirmani@usdoj.gov |
| _____<br>MICHAEL PAYMA<br>Attorney for Defendant |  |